McGREGOR W. SCOTT
United States Attorney
PHILIP A. SCARBOROUGH (SBN 254934)
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH EDWARD BROWN,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES MATTIS, et al.,<br><br>                Defendant. | CASE NO. 2:15-CV-00026-JAM-EFB<br><br>[~~PROPOSED~~] ORDER ON DEFENDANTS' MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER<br><br>DATE:       March 14, 2018<br>TIME:        10:00 a.m.<br>COURT:   Courtroom 8, 13th Floor<br>JUDGE:   Hon. Edmund F. Brennan |

This matter came before the Court on March 14, 2018, for a hearing on Defendants' Motion to Compel (ECF 60) and Defendants' Motion for a Protective Order (ECF 64). The motions are granted as set forth below.

**A.    Motion to Compel**

Defendants move to compel Plaintiff to provide a written response to Interrogatory Number 8 and to produce documents.

        **1.    Interrogatory Number 8**

Interrogatory Number 8 seeks information relating to formal or informal disciplinary actions that have been taken against Plaintiff in connection with any employment Plaintiff has had as a police officer, peace officer, or any similar position. As the Court explained at the hearing, this information clearly is relevant in this case, which asserts claims of discrimination in disciplinary procedures taken against Plaintiff in his capacity as a federal law enforcement officer. Although Defendants already have in their possession some information relating to disciplinary actions taken during the course of

Plaintiff's federal employment, the interrogatory also seeks information relating to discipline that may have occurred in connection with Plaintiff's law enforcement employment at non-federal agencies.

Because the information requested in Interrogatory Number 8 is relevant and the burden to Plaintiff of providing a written response is minimal, the Court grants Defendant's motion to compel with respect to Interrogatory Number 8. Plaintiff is ordered to provide to Defendant a written response to Interrogatory Number 8 by Friday, March 23, 2018, with a certification that the answer is made under penalty of perjury. *See* Fed. R. Civ. P. 33(b)(3).

### 2. Document Request Numbers 10, 16, 18, 20, and 21.

Defendants also move to compel Plaintiff to produce documents responsive to Document Request Numbers 10, 16, 18, 20, and 21. These requests seek documents evidencing promotions Plaintiff applied for (RFP 10), documents reflecting Plaintiff's employment history since November 1, 2000 (RFP 16), documents relating to Plaintiff's prior lawsuits (RFP 18), documents showing Plaintiff's employment history after he was terminated at DLA San Joaquin (RFP 20), and documents showing Plaintiff's wage or salary history after he ceased employment at DLA San Joaquin (RFP 21).

Document Request Numbers 10, 16, 18, 20, and 21 each seek information that is relevant to the issues in this case including Plaintiff's qualifications and applications for employment, damages and mitigation of damages, and any prior litigation Plaintiff has been involved in. Plaintiff stated at the hearing that he has at least some documents responsive to these requests. Although some of these documents or the information contained in them may already be in the possession of Defendants, much of it is not, including Plaintiff's employment and salary history and any prior litigation Plaintiff has been involved in. The burden of producing these documents for inspection is no more than what is typical for civil litigation and routine trial preparation. The burden is particularly low because Plaintiff can satisfy his obligation by bringing responsive documents to Defendants' counsel's office for inspection and copying.

Accordingly, the Court grants Defendants' motion to compel Plaintiff to produce documents responsive to Document Request Numbers 10, 16, 18, 20, and 21. By March 23, 2018, Plaintiff is ordered to produce to counsel for Defendants any non-privileged documents in his possession, custody, or control that are responsive to Document Request Numbers 10, 16, 18, 20, and 21 for inspection and

copying. Plaintiff can comply with this order either by providing counsel for Defendants with a physical or electronic copy of such documents or by taking the documents to Defendants' counsel's office at 501 I Street, Suite 10-100, in Sacramento, California, and permitting them to be copied by Defendants' counsel. If Plaintiff does not have any documents responsive to any particular request, he should provide a certification so stating.

### 3. Documents on Plaintiff's "Additional Listing of Documentary Material" and "Additional Listing of Documentary Material/Set Two"

Defendants also move to compel Plaintiff to produce documents identified on Plaintiff's Additional Listing of Documentary Material (ECF 63-3) and Plaintiff's Additional Listing of Documentary Material/Set Two (ECF 63-4). Plaintiff has stated that he may use those documents in support of his case, and therefore the documents are relevant. To the extent those documents have not been produced and are not already in the possession of Defendants, Plaintiff is ordered to produce them to counsel for Defendants by March 23, 2018. Plaintiff can comply with this order either by providing counsel for Defendants with a physical or electronic copy of such documents or by taking the documents to Defendants' counsel's office at 501 I Street, Suite 10-100, in Sacramento, California, and permitting them to be copied by Defendants' counsel. If Plaintiff does not have any additional documents identified on ECF 63-3 and ECF 63-4 which are not in the possession of Defendants and have not previously been produced, he should provide a certification so stating.

## B. Motion for Protective Order

Defendants also move for a protective order relieving them from the obligation to respond to 231 requests for admission which Plaintiff served on Defendants on February 12, 2018. A court can issue a protective order for good cause to "protect[] a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (internal quotations and citations omitted).

Good cause exists to grant Defendants' motion for a protective order. Most of Plaintiff's requests for admission are overtly argumentative, seek to obtain admissions on facts that are obviously in dispute, or both. As the Court explained at the hearing, Plaintiff's requests for admission read more

[P~~ROPOSED~~] ORDER ON DEFENDANTS' MOTION TO
COMPEL AND MOTION FOR PROTECTIVE ORDER

3

like a trial brief than requests for admission. Such statements are not proper subjects of requests for admission. *See Vaught v. Clark*, 2012 WL 5381518, at *6 (E.D. Cal. Oct. 31, 2012). Accordingly, the Court grants Defendants' motion for a protective order relieving them of the obligation to respond to Plaintiff's 231 requests for admission served on February 12, 2018.

In sum, the Court orders as follows:

Defendants' motion to compel a response to Interrogatory Number 8 is GRANTED. By Friday, March 23, 2018, Plaintiff is ordered to respond in writing to Interrogatory Number 8, with a signed certification stating the response is made under penalty of perjury.

Defendants' motion to compel Plaintiff to produce documents responsive to Document Request Numbers 10, 16, 18, 20, and 21 is GRANTED. By Friday, March 23, 2018, at 12:00 p.m., Plaintiff is ordered to produce to Defendants' counsel at 501 I Street, Suite 10-100, Sacramento, California, any non-privileged documents in his possession, custody, or control that are responsive to those requests. Plaintiff may comply with this order by bringing the documents to Defendants' counsel and allowing Defendants' counsel to copy them. If Plaintiff does not have any non-privileged documents responsive to a particular request, he should provide a certification so stating.

Defendants' motion to compel Plaintiff to produce documents identified on Plaintiff's Additional Listing of Documentary Material (ECF 63-3) and Plaintiff's Additional Listing of Documentary Material/Set Two (ECF 63-4) is GRANTED. By Friday, March 23, 2018, at 12:00 p.m., Plaintiff is ordered to produce to Defendants' counsel at 501 I Street, Suite 10-100, Sacramento, California, any non-privileged documents identified on ECF 63-3 or ECF 63-4 to the extent those documents have not been produced and are not already in Defendants' possession. Plaintiff may comply with this order by bringing the documents to Defendants' counsel and allowing Defendants' counsel to copy them. If Plaintiff does not have any non-privileged documents responsive to this order, he should provide a certification so stating.

/////
/////
/////
/////

[P~~ROPOSED~~] ORDER ON DEFENDANTS' MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

4

1    Defendants' motion for a protective order is GRANTED.  Defendants are relieved from the
2 obligation of responding to the 231 Requests for Admission served by Plaintiff on February 12, 2018.
3    SO ORDERED.
4 DATED:  March 20, 2018.

         _____
         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE